NATIONAL LABOR RELATIONS BOARD, Petitioner, v. HIGHWAY TRAILER COMPANY, Respondent.

No. 6432.

Circuit Court of Appeals, Seventh Circuit.

March 29, 1938.

Charles Fahy, National Labor Relations Board, of Washington, D. C., for petitioner.

Glenn D. Roberts, of Madison, Wis., for respondent.

Before SPARKS and TREANOR, Circuit Judges.

PER CURIAM.

This cause having come on to be heard upon petition filed pursuant to section 10 (e) of the National Labor Relations Act, 29 U.S.C.A. § 160 (e), by the National Labor Relations Board, petitioner, to enforce an order of the National Labor Relations Board dated September 10, 1937, and made pursuant to said act upon due consideration thereof, it is hereby ordered and decreed, upon the consent of counsel for the parties that:

Respondent, Highway Trailer Company, and its officers, agents, successors, and assigns shall:

1. Cease and desist (a) from discharging or threatening to discharge any of its employees for the reason that such employees have joined or assisted Local No. 135 or Local No. 136, United Automobile Workers of America, or any other labor organization of its employees, or have refused to join the Edgerton Highway Trailer Employees' Shop Union or the Stoughton Highway Trailer Employees' Shop Union or any other labor organization of its employees; (b) from maintaining surveillance of the meetings and activities of Local No. 135 or Local No. 136, United Automobile Workers of America or any other local organization of its employees, and (c) from in any manner interfering with, restraining, or coercing its employees in the exercise of their rights to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining of other mutual aid or protection.

2. Cease and desist (a) from requiring as a condition of employment, liability to discharge as an "undesirable" at the will of the Edgerton Highway Trailer Employees' Shop Union or the Stoughton Highway Trailer Employees' Shop Union; (b) from encouraging membership in the Edgerton Highway Trailer Employees' Shop Union or the Stoughton Highway Trailer Employees' Shop Union or any other labor organization of its employees, and from discouraging membership in Local No. 135 and Local No. 136, United Automobile Workers of America or any other labor organization of its employees, by refusing to reinstate the employees named below in paragraph 4 (a); and (c) from other-

wise discriminating in regard to hire and tenure of employment or any term or condition of employment or by threat of such discrimination.

3. Cease and desist from in any manner dominating or interfering with the administration of the Edgerton Highway Trailer Employees' Shop Union or the Stoughton Highway Trailer Employees' Shop Union or with the formation or administration or any other labor organization of its employees and from contributing financial or other support to the Edgerton Highway Trailer Employees' Shop Union or the Stoughton Highway Trailer Employees' Shop Union or any other labor organization of its employees.

4. Take the following affirmative action which the Board finds will effectuate the policies of the act:

(a) Offer to Leon Jenson, Sanford Jenson, Ole S. Martinson, Raymond (Ray) Bullian, and John M. Johnson immediate and full reinstatement to their former positions, without prejudice to their seniority and other rights and privileges, dismissing if necessary any employees at present holding such positions;

(b) Make whole the employees named above in paragraph 4 (a) for any losses of pay they have suffered by reason of the respondent's discriminatory acts, by payment to each of them of a sum of money equal to that which he would normally have earned as wages from the date of the occurrence of the discriminatory act to the date of the respondent's offer of reinstatement, less any amount earned by him during that period;

c. Make whole Norman Anderson and Martin Rucks for any losses of pay they have suffered by reason of the respondent's discriminatory acts, by payment to each of them of a sum of money equal to that which he would normally have earned as wages from the date of the occurrence of the discriminatory acts to the date of the commencement of his present employment elsewhere;

d. Withdraw all recognition from the Edgerton Highway Trailer Employees' Shop Union and the Stoughton Highway Trailer Employees' Shop Union as representatives of its employees for the purpose of dealing with the respondent concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work and completely disestablish the Edgerton Highway Trailer Employees' Shop Union and the Stoughton Highway Trailer Employees' Shop Union as such representatives;

e. Post immediately notices to its employees in conspicuous places throughout its plants at Edgerton and Stoughton stating (1) that the respondent will cease and desist as provided in paragraphs 1, 2, and 3 of this order; (2) that the Edgerton Highway Trailer Employees' Shop Union and the Stoughton Highway Trailer Employees' Shop Union are so disestablished and the respondent will refrain from such recognition; (3) that to secure and retain employment at the Edgerton or Stoughton plants a person need not become a member of the Edgerton Highway Trailer Employees' Shop Union or the Stoughton Highway Trailer Employees' Shop Union or be liable to discharge as an "undesirable" at the will of the Edgerton Highway Trailer Employees' Shop Union or the Stoughton Highway Trailer Employees' Shop Union; (4) that the agreements signed with the Edgerton Highway Trailer Employees' Shop Union and the Stoughton Highway Trailer Employees' Shop Union are void and of no effect; (5) that the respondent will not discharge or in any manner discriminate against members of Local No. 135 or Local No. 136, United Automobile Workers of America or any person assisting said organizations or engaging in union activity; (6) that the respondent has instructed its foremen and other supervisory officials to remain neutral as between organizations and that any violations of this instruction should be reported to it; and (7) that such notice will remain posted for a period of at least thirty consecutive days from the date of the posting.